Clarissa A. Kang, No. 210660
Dylan D. Rudolph, No. 278707
Catherine L. Reagan, No. 327702
TRUCKER ✦ HUSS
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, CA 94105
Telephone:    (415) 788-3111
Facsimile:    (415) 421-2017
E-mail:       ckang@truckerhuss.com
              drudolph@truckerhuss.com
              creagan@truckerhuss.com

Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| LIA C. JAVIER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KAISER FOUNDATION HEALTH PLAN INC.,<br><br>　　　　　Defendant. | Case No. 4:24-cv-03327-YGR<br><br>**DEFENDANT'S MOTION TO DIMSISS PLAINTIFF'S COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>**DATE:    SEPTEMBER 17, 2024**<br>**TIME:    2:00 P.M.**<br>**CRT RM:  1, 4TH FLOOR**<br>**JUDGE:   HON. YVONNE GONZALEZ ROGERS** |

# NOTICE OF MOTION AND MOTION

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, September 17, 2024, at 2 p.m., or as soon thereafter as the matter may be heard, in the courtroom of Hon. Yvonne Gonzalez Rogers, at the Oakland Federal District Courthouse, 1301 Clay Street, Courtroom 1, Fourth Floor, or remote conferencing as directed by the Court, Defendant Kaiser Foundation Health Plan, Inc. ("KFHP") will and hereby does move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Complaint brought by Plaintiff Lia C. Javier, in its entirety, with prejudice, on the basis that it is time-barred.

KFHP's Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Dylan Rudolph and exhibits thereto, all files and records in this action, and on such further evidence and argument as may be offered.

Dated: August 13, 2024        TRUCKER ✦ HUSS

By: /s/ *Dylan D. Rudolph*
   Dylan D. Rudolph
   Attorneys for Defendant
   KAISER FOUNDATION HEALTH
   PLAN, INC.

## I. INTRODUCTION

Plaintiff's lawsuit is time-barred. The Kaiser Permanente Retirement Plan ("Plan") requires that any lawsuit be filed within one year after the final determination of a pre-litigation benefit appeal. The Plan issued its final determination of Plaintiff's pre-litigation benefit appeal on December 10, 2018. Plaintiff filed this case on June 3, 2024, more than *five ye*ars later and well outside the Plan's 1-year contractual limitations period. Plaintiff's case is also untimely under applicable statutory limitations periods. Although it is not clear from her Complaint, Plaintiff's allegations appear to seek relief under either ERISA[1] §§ 502(a)(1)(B) or (a)(3). Claims asserted under those provisions are governed by a 4-year or 3-year limitations period, respectively, which also bar this case as untimely. These flaws are incurable, and Plaintiff's Complaint should be dismissed with prejudice because amendment would be futile.

## II. STATEMENT OF ISSUES

1. Should the Complaint be dismissed because it is time-barred under the Plan's 1-year contractual limitations period?

2. Should the Complaint be dismissed because it is time-barred under statutory limitations periods appliable to claims under ERISA §§ 502(a)(1)(B) or (a)(3)?

3. Should the Complaint be dismissed with prejudice because amendment is futile?

## III. RELEVANT FACTS

Plaintiff was a participant in the Plan, which is governed by ERISA. Complaint (Dkt. 1), ¶ 1; *see generally*, Declaration of Dylan Rudolph ("Rudolph Decl."), Ex. 1 (Plan Document). The Plan contains a contractual limitation period of one year from the Plan's final determination of a benefits appeal. *Id.* (Plan, § 17.6(d), at KFHP000106-07, "No legal action (whether in law, in equity, or otherwise) shall be commenced seeking judicial review of a decision under this Article more than **one year** after . . . the Administrative Committee denies the claimant's appeal") (emphasis added).

In 2017, Plaintiff elected a lump sum payment of her pension benefits under the Plan. Complaint, ¶ 8. Plaintiff was told that she had until October 31, 2017 to revoke her lump sum benefit

---

[1] Employee Retirement Income Security Act of 1974, as amended; 29 U.S.C. 1001 *et seq.*

election. *Id.* Plaintiff did not timely revoke that election. *Id.,* ¶¶ 8, 13. Plaintiff submitted a claim under the Plan asking to revoke her election, and her claim was denied. *Id.*, ¶26. Plaintiff appealed, and exhausted administrative appeals on December 10, 2018, when the Plan issued its final determination letter denying her last appeal. *Id.*, ¶ 18 ("A few weeks after that, Kaiser denied my appeal and sent me a letter stating that my only recourse was to file a lawsuit against Kaiser Foundation Health Plan, Inc."); *see generally*, Rudolph Decl., Ex. 2 (Appeal Determination Letter). The final determination letter expressly referenced the Plan's 1-year contractual limitation period. Rudolph Decl., Ex. 2 (Appeal Determination Letter, at KFHP000523).

Plaintiff filed a prior lawsuit ("*Javier I*") on November 19, 2019, based on the same underlying allegations that she makes in this case. *See Javier v. Kaiser Permanente Retirement*, Case No. 3:20-cv-00725-SK (N.D. Cal. Jan. 31, 2020); Rudolph Decl., Ex. 4, at p. 2 (*Javier I*, Dkt. 1-1). KFHP removed *Javier I* to federal court on January 31, 2020. Rudolph Decl., Ex. 3, at p. 2 (*Javier I*, Dkt. 1). On March 14, 2023, the court dismissed *Javier I*, without prejudice, for lack of prosecution. *Id.*, Exs. 5, 6 (*Javier I*, Dkt. 72, 73). On April 20, 2023, Plaintiff filed a Motion for Relief from Judgment or Order in *Javier I* under Fed. R. Civ. Proc. 60(b)(1), claiming she was capable of representing herself in court and could prosecute the action on her own behalf. *Id.*, Ex. 7, at p. 2 (*Javier I*, Dkt. 75). The court in *Javier I* denied that motion on July 6, 2023. *Id.*, Ex. 8, at pp. 1-2 (*Javier I*, Dkt. 80). On March 25, 2024, Plaintiff filed a Motion to Reopen Case, seeking to reopen *Javier I*. *Id.*, Ex. 9, at p. 1 (*Javier I*, Dkt. 81). That motion was denied April 9, 2024. *Id.*, Ex. 10, at p. 1 (*Javier I*, Dkt. 82). Plaintiff filed this lawsuit on June 3, 2024. Complaint (Dkt. 1).

### IV.   LEGAL STANDARD FOR DISMISSAL

To survive a motion under Federal Rule of Civil Procedure Rule 12(b)(6), plaintiffs must plead enough facts to state a claim for relief that is plausible on its face. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("only a complaint that states a plausible claim for relief survives a motion to dismiss"). While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Twombly*,

550 U.S. at 555. The Court may grant a Rule 12(b)(6) motion based on a limitations defense where "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

## V.   REQUEST FOR JUDICIAL NOTICE

KFHP respectfully requests the Court take judicial notice of filings in the case, *Lia C. Javier v. Kaiser Permanente Retirement*, Case No. C19-02437 (Cal. Sup. Ct. Nov. 19, 2019), removed to the District Court for the Northern District of California, Case No. 3:20-cv-00725-SK (N.D. Cal. Jan. 31, 2020), which are attached to the Rudolph Decl. as Exs. 3-10 (*Javier I*, Dkts. 1, 1-1, 72, 73, 75, 80, 81, 82)), and which involved this Plaintiff and the Plan. *See Neal v. Select Portfolio Servicing Inc.,* No. 5:20-CV-07127-EJD, 2021 WL 735666, at *4 (N.D. Cal. Feb. 25, 2021), *aff'd*, No. 21-15588, 2022 WL 1769781 (9th Cir. June 1, 2022) (taking judicial notice of "documents filed in . . . prior suits that form the basis for . . . argument for dismissal").

Additionally, on a motion to dismiss, the Court may consider documents outside of the Complaint that are judicially noticed or incorporated by reference in the Complaint, without converting the motion to dismiss into a motion for summary judgment. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (this is appropriate if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity"). "Even if a document is not attached to a complaint, [if it is] incorporated by reference into a complaint [because] the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. . . . the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("insurance coverage . . . based on the contents of a coverage plan").

Here, Plaintiff references the *Javier 1* case in the Complaint, and these public records, attached as Exhibits 3 through 10 to the Rudolph Decl., form the basis for KFHP's arguments for dismissal. KFHP also requests that the Court take notice of the Plan document and the appeal determination letter, attached as Exhibits 1 and 2 to the Rudolph Decl., because the Complaint relies on them, they are central to Plaintiffs' claims, and are documents whose authenticity cannot be questioned.

## VI. ARGUMENT

### A. This case is time-barred under the Plan's contractual limitations period.

Plaintiff's Complaint is untimely under the Plan's contractual limitations provision. Under the Plan, Plaintiff had one year after the final determination of her pre-litigation benefit appeal to bring any legal or equitable claims for relief against the Plan or KFHP. Rudolph Decl., Ex. 1 (Plan, § 17.6(d), at KFHP000106-07). Courts "must give effect to [an ERISA] Plan's limitations provision unless [they] determine either that the period is unreasonably short, or that a 'controlling statute' prevents the limitations provision from taking effect." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 109 (2013); *Sargent v. S. Cal. Edison 401(k) Savings Plan*, No. 20-cv-1296, 2020 WL 6060411, at *6 (S.D. Cal. Oct. 14, 2020) (collecting cases that find a 180-day contractual limitations period in an ERISA plan was reasonable); *Nathaniel W. v. United Behav. Health*, No. 17-CV-06341-PJH, 2018 WL 3585180, at *6-7 (N.D. Cal. July 26, 2018) (dismissing lawsuit under a 1-year contractual limitations period in an ERISA plan).

The Plan's contractual limitations period required Plaintiff to bring this lawsuit by December 10, 2019, one year after the Plan issued its final determination letter to her on December 10, 2018. Complaint, ¶ 18. Plaintiff had notice of the contractual limitation period in both the Plan document and the final determination letter. *Id.*, Exs. 1 (Plan, § 17.6(d), at KFHP000106-07) and 2 (Appeal Determination Letter, at KFHP000523). Plaintiff filed her Complaint on June 3, 2024, more than *five years* after the Plan's final determination, and it should be dismissed as untimely. Complaint (Dkt.1).

### B. Plaintiff's Complaint is time-barred under statutory limitations provisions.

Plaintiff's lawsuit is also barred by statutes of limitations provision. Plaintiff is not clear regarding which of ERISA's civil enforcement provisions form the basis of her claims for relief, but that is irrelevant because her case is untimely under either ERISA §§ 502(a)(1)(B) (benefit claims) or (a)(3) (equitable relief) – the only provisions that may apply based on her allegations. ERISA does not contain a statute of limitations for claims asserted under ERISA § 5021(a)(1)(B), so courts apply the most analogous statute of limitations of the forum state. *See Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1031 (9th Cir. 2006). California's 4-year statute of limitations for breach of contract applies in this case. *Id.*; CAL. CODE OF CIVIL PROC. § 337 (4-year statute of limitation for written

contracts). Claims under ERISA § 502(a)(1)(B) accrue "either at the time benefits are actually denied or when the [plaintiff] has reason to know that the claim has been denied.'" *Chuck,* 455 F.3d at 1031. Plaintiff's pre-litigation benefit appeal was exhausted on December 10, 2018, so a claim under ERISA § 502(a)(1)(B) began to accrue on that date. Rudolph Decl., Ex. 2, at p. 1. Plaintiff, therefore, was required to file a claim under ERISA § 502(a)(1)(B) by December 10, 2022, which has long passed.

Likewise, if Plaintiff's claims are interpreted as being asserted under ERISA § 502(a)(3), her case is still untimely. ERISA's 3-year statute of limitations period applies to claims asserted under ERISA § 502(a)(3). *See* ERISA § 413(2), 29 U.S.C. § 1113(2); *Sulyma v. Intel Corp. Inv. Policy Comm.,* 909 F.3d 1069, 1072 (9th Cir. 2018), *aff'd,* 589 U.S. 178 (2020) ("defendant must show that the plaintiff was actually aware of the nature of the alleged breach [of fiduciary duty under ERISA] more than three years before the plaintiff's action is filed"). To determine a § 502(a)(3) claim's accrual date, courts use a two-step analysis: "First, [courts] isolate and define the underlying violation upon which the plaintiff's claim is founded. Second, [courts] determine when the plaintiff had 'actual knowledge' of the alleged breach or violation, and whether suit was filed within three years of the date that knowledge was obtained." *Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1052 (9th Cir. 2020) (internal citations omitted). The "knowledge required to trigger the statute of limitations under 29 U.S.C. § 1113(2) is knowledge of the facts or transaction that constituted the alleged violation; it is not necessary that the plaintiff also have actual knowledge that the facts establish a cognizable legal claim under ERISA in order to trigger the running of the statute …" *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2015 WL 10433713, at *19 (C.D. Cal. Nov. 24, 2015). Plaintiff had actual knowledge of her claims in this lawsuit by at least December 10, 2018 when she received the Plan's final determination letter, and unquestionably by November 19, 2019 when she filed *Javier I. See* Complaint, ¶¶ 1, 18. Even using the later date, ERISA's 3-year statute of limitations ran on November 19, 2022, well before Plaintiff filed this lawsuit.

**C.  Plaintiff's prior lawsuit did not toll the limitations periods.**

Plaintiff's prior lawsuit does not save her Complaint from dismissal because it did not toll the limitations periods. *Javier I* was dismissed without prejudice on March 14, 2023. *Javier I* (Dkt. 72,

73). A dismissal without prejudice operates to leave the parties as if no lawsuit was filed at all. *See Georgescu v. Bechtel Const., Inc.,* 15 F.3d 1085, 1085 (9th Cir. 1994) (dismissal of "complaint without prejudice did not toll the statute of limitations") (citing *United States v. State of Cal.,* 932 F.2d 1346, 1351 (9th Cir. 1991), *affirmed,* 507 U.S. 746 (1993)); *Humphreys v. United States,* 272 F.2d 411, 412 (9th Cir. 1959) ("a suit dismissed without prejudice ... leaves the situation the same as if the suit had never been brought in the first place"); *Bunton v. Fresno City Police Officer 1*, NO. 1:23-cv-00104, 2024 WL 1521367, at *1 (E.D. Cal., Apr. 8, 2024) ("[a] dismissal without prejudice does not toll the applicable statute of limitations"). And there is no basis for equitable tolling here because *Javier I* was dismissed for failure to prosecute. *See Harmon v. Nelson*, No. 19-CV-01192-SI, 2022 WL 254344, at *7 (N.D. Cal. Jan. 27, 2022) ("Because plaintiffs have not diligently prosecuted the case, the Court also find[s] it inappropriate to grant equitable tolling"); *Porter v. S. Nevada Adult Mental Health Servs.,* No. 16-cv-02949, 2017 WL 6379525, at *6 (D. Nev. Dec. 13, 2017), aff'd, 788 F. App'x 525 (9th Cir. 2019) (denying request to toll statute of limitations because "plaintiffs have not shown diligence in protecting their rights").

Even if *Javier I* did toll the limitations periods (which it does not), Plaintiff's claims would still be time-barred under the Plan's 1-year contractual limitation period because *Javier I* was dismissed on March 10, 2023, and Plaintiff filed this lawsuit on June 3, 2024, more than a year later.

### D. Dismissal with prejudice is proper because amendment would be futile.

Dismissal with prejudice is proper if "it is clear … that the complaint could not be saved by any amendment." *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc*., 339 F.3d 1087, 1090 (9th Cir. 2003) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997) (alteration in original) (quoting *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988)). Plaintiff's Complaint should be dismissed with prejudice because it is untimely, and no amendment can cure that.

## VII. CONCLUSION

For the foregoing reasons, KFHP respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, because it is time-barred.

Dated: August 13, 2024             TRUCKER ✦ HUSS

By: /s/ *Dylan D. Rudolph*
    Dylan D. Rudolph
    Attorneys for Defendant
    KAISER FOUNDATION HEALTH PLAN, INC.