# EXHIBIT 2

**KAISER PERMANENTE.**

Kaiser Permanente Administrative Committee
c/o Kaiser Foundation Health Plan, Inc.
One Kaiser Plaza, Floor 20B
Oakland, CA 94612

*Notice of Decision on Appeal*

December 10, 2018

Lia Javier
805 Fieldstone Ct.
Brentwood, CA 94513

**Re:**    Eligibility to Revoke Pension Election
**Plan:**  Kaiser Permanente Salaried Retirement Plan Supplement To the Kaiser Permanente Retirement Plan

Dear Ms. Javier:

The Appeals Subcommittee of the Kaiser Permanente Administrative Committee (the "Committee") has reviewed your appeal to revoke your lump sum pension election made under the limited one-time pension election opportunity program (the "Special Distribution Program"). For the reasons explained below, the Committee has denied your appeal.

## Background

On August 8, 2017, you were sent a postcard announcing a limited one-time pension election opportunity to certain former employees who have a vested pension benefit. This postcard informed you to be on the lookout for your personalized election kit, and that you would need to act by October 5, 2017 in order to take advantage of the opportunity.

On August 18, 2017, you were sent a Special Distribution Program election kit. The kit contained instructions and forms to complete in order to receive a single lump sum payment or a monthly annuity. The election kit also provided that you must mail your completed forms or complete your election online and provide any required documentation no later than October 5, 2017.

On September 11, 2017, you were sent another postcard reminding you about the October 5, 2017 deadline. You were also sent a third postcard on September 25, 2017, again reminding you of the deadline.

All of the above correspondence sent to you regarding the Special Distribution Program was sent to the last address you had on file with the Plan.

On October 4, 2017, you called the Pension Election Help Desk (the "PEHD") and stated that you received a Special Distribution Program postcard reminding you about the October 5, 2017 deadline but that you had not received any other information. The PEHD representative stated that the postcard was in reference to a lump sum offer. You asked to speak with another representative who could provide you with more information, and then called the PEHD back to speak with a different representative. You asked the second representative for an extended deadline because people had been stealing your mail and you had to have your mail forwarded. The representative stated that no extension could be provided but that you could complete your election kit online. During this call, you stated that this was a hard decision for you because you are disabled. You also asked if there was a way to cancel an election to participate in the Special Distribution Program, and the representative explained that the deadline to cancel an election would be October 31st. Later than day, you called the PEHD again to speak with a third representative, who answered your questions about how to complete the election kit online.

That same day, you completed your online election kit and elected a lump sum payment.

On November 10, 2017, a check in the net amount of $29,263.94 was issued to you. Out of the gross amount payable of $37,517.88, $8,253.94 was withheld from your lump sum payment for federal and state tax withholding.

On November 16, 2017, you called the PEHD to state that you believed taxes would not be withheld from your lump sum payment amount because of your disability, and that you were not informed of the option to rollover your benefits. The PEHD representative stated that all of your options were detailed in both the printed election kit which was mailed to you and the online election kit. You stated that because you were disabled, you should not have been expected to make an informed decision.

On November 17, 2017, a PEHD representative provided you with a callback, and you stated that you were working with a tax advisor to resolve the issue.

On January 11, 2018, you called the Kaiser Permanente Retirement Center (the "KPRC") and stated that you had approximately $10,000 withheld from your lump sum payment in taxes. You stated that you only received a postcard reminder of the deadline for the Special Distribution Program and only had one day and a half to make your decision. You also stated that you believed you would have had less taxes withheld because of your disability.

On March 2, 2018, you called the KPRC and stated that the only reason you chose to participate in the Special Distribution Program was so that you would have the funds to save your home. You also stated that you should not have been rushed to make such a decision and that the representatives should not have spoken with you because you are disabled.

On March 7, 2018, you called the KPRC and stated that because you are mentally disabled, someone should have explained your options to you and informed you that your benefits from the

2

Social Security Administration would be impacted. The KPRC representative stated that they would send you a claim initiation form ("CIF").

On March 26, 2018, the Plan received your CIF, in which you stated that the PEHD representative that you spoke with on October 4, 2017 did not help to answer your questions and that the second representative you spoke with suggested that you make an election which could be canceled upon request. You also stated that although the representatives told you to speak with a tax advisor and the Social Security Administration, no one told you to call the KPRC until after you received your check, which you did not cash. You also submitted a Notice of Adjudicator Decision – Fully Favorable (the "Social Security Determination") from the Social Security Administration dated August 27, 2013, which provides that you have alleged disability on the basis of depression, anxiety, and schizophrenia. The Social Security Determination finds that you have a depressive disorder that significantly limits your ability to perform basic work activities, and that you have marked difficulties in maintaining social function. The Social Security Determination also states that medical improvement is expected with appropriate treatment, and that a continuing disability review is recommended in 36 months.

On June 21, 2018, the Plan sent you a notice of denial on the grounds that you did not revoke your election within the period of time prescribed by the Plan and that your election was now irrevocable. The notice of denial also explained that you completed an election kit on which you signed that you understood that you should consult your professional tax advisor about receiving the lump sum benefit payment, and that if payment was made directly to you, federal income tax would be withheld at the rate of 20% and additional state income tax may be withheld, if applicable.

On October 2, 2018, an appeal letter was received from your daughter, on your behalf. In the letter, your daughter states that you are mentally disabled and that you should never have been allowed to make a lump sum election. She also states that the lump sum will affect your Social Security benefits, food stamps, and taxes.

## Governing Provisions

The Plan's applicable governing provisions are included as Appendix A.

## Analysis

The Plan provides that a participant has a limited time during which he or she can revoke an election to receive benefits and the form of payment of those benefits. The Plan provides that a participant may elect a Form of Payment during the Election Period, which is the 90-day period ending on the participant's elected Benefit Commencement Date. The Plan also provides that a participant may revoke such an election at any time during the Election Period, but that an election is irrevocable when the Election Period expires. (See Section 8.1(c) in Appendix A).

KFHP000522

Under federal law applicable to employee benefit plans, the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), the Plan must be administered in accordance with its terms. Your elected Benefit Commencement Date was November 1, 2017. Therefore, under the terms of the Plan, your election of a lump sum became irrevocable on that date. Accordingly, the Committee has denied your appeal.

## ERISA Rights

The decision of the Committee is final. Your appeal to the Committee is the last step in the Plan's administrative appeal process. If you disagree with the Committee's decision, you have the right to bring a civil action under Section 502(a) of ERISA within one year of the date of this letter. Additionally, you are entitled to receive, upon request and free of charge, reasonable access to, and copies of all documents, records, and other information relevant to your claim for benefits (other than documents or records that are protected and privileged).

Sincerely,

Leighton N. Hasegawa
Chairperson
Appeals Subcommittee of the Kaiser Permanente Administrative Committee

cc:   Shirley H. Liu
      Benjamin F. Spater

4

## Appendix A

## APPLICABLE PLAN PROVISIONS[1]

## KAISER PERMANENTE RETIREMENT PLAN

2.8   Benefit Commencement Date. Benefit Commencement Date means the first day of the month in which the Participant may begin receiving payments.

2.30   Election Period. Election Period means the 90-day period ending on the Participant's Benefit Commencement Date.

8.1   Payment Election.

\*\*\*\*

   (c)   Participant Election. The Participant shall elect a Benefit Commencement Date and Form of Payment during the Election Period in the manner established by the Administrative Committee. The Participant may revoke such an election at any time during the Election Period but that election is irrevocable when the Election Period expires. The Participant may also designate a Beneficiary to receive death benefits that may become payable from the Plan in the event of the Participant's death in the manner established by the Administrative Committee.

\*\*\*\*

9.7   Miscellaneous

\*\*\*\*

   (d)   Notices and Missing Persons. Each Participant and each other person who is entitled to benefits under the Plan must file with the Administrative Committee from time to time in writing such person's post office address and each change of post office address. Any communication, statement or notice addressed to a person at such person's last post office address on file with the Administrative Committee shall be binding on such person for any purpose under the Plan.  \*\*\*\*

## APPENDIX 9
## 2017 SPECIAL DISTRIBUTION ELECTION

---

[1] A sequence of four asterisks (\* \* \* \*) means a portion of the Plan text has been omitted.

5

1.1     <u>2017 Special Distribution Election</u>. This Appendix describes a special distribution window during which certain Vested Participants who have incurred a Termination of Employment and who are not otherwise eligible to commence receiving Retirement Income may elect an immediate distribution of their entire Plan benefit (the "Special Distribution Election.")

****

(b)     <u>Special Election Period</u>. Any Special Distribution Election under this Appendix must be made on or after August 21, 2017 and before October 6, 2017, in a manner authorized by the Administrative Committee, or its delegate. **** The Special Distribution Election under this Appendix will be offered only once, during the election period described in this subsection, will not be available thereafter, and will not be considered part of the Participant's Accrued Benefit after the end of the election period described in this subparagraph.

****

KFHP000525