# EXHIBIT 3

| | |
|---|---|
| 1 | Clarissa A. Kang, No. 210660 |
| 2 | Dylan D. Rudolph, No. 278707<br>TRUCKER ✦ HUSS |
| 3 | A Professional Corporation<br>One Embarcadero Center, 12th Floor |
| 4 | San Francisco, CA 94111<br>Telephone: (415) 788-3111 |
| 5 | Facsimile: (415) 421-2017<br>E-mail: ckang@truckerhuss.com |
| 6 | drudolph@truckerhuss.com |
| 7 | Attorneys for<br>KAISER FOUNDATION HEALTH PLAN, |
| 8 | INC., incorrectly named and sued as KAISER<br>PERMANENTE RETIREMENT |

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| LIA C. JAVIER, | Case No. |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | **[28 U.S.C. § 1441(a)]** |
| KAISER PERMANENTE RETIREMENT, | (Superior Court of the State of California, County of Contra Costa, Case No. C19-02437) |
| Defendant. | |

-1-

NOTICE OF REMOVAL
6700648.1

## NOTICE OF REMOVAL

Kaiser Foundation Health Plan, Inc. ("KFHP"), incorrectly named and sued as "Kaiser Permanente Retirement," removes the above-entitled action from the Superior Court of the State of California, County of Contra Costa, in which it is now pending, to the United States District Court for the Northern District of California. The grounds for removal are set forth below.

## STATE COURT ACTION

1. KFHP obtained a copy of a Complaint filed in the Superior Court of California for the County of Contra Costa (the "Complaint") titled *Lia C. Javier v. Kaiser Permanente Retirement*, Superior Court of California, County of Contra Costa Case No. C19-02437 (the "State Court Action") by Plaintiff Lia C. Javier ("Plaintiff"). Plaintiff filed her Complaint on November 19, 2019 against an entity named "Kaiser Permanente Retirement," which does not exist. KFHP obtained a copy of the Complaint on January 3, 2020 after it was left on a desk in a Kaiser Permanente Visitor's Center in Oakland, California. KFHP has not been properly served with summons or Plaintiff's Complaint.[1] A true and correct copy of the Complaint, and accompanying papers, are attached hereto as Exhibit A. This Exhibit A constitutes all pleadings filed in the State Court Action.

2. On November 19, 2019, the State Court Action was assigned to Department 21 of Contra Costa County Superior Court and set for a case management conference on April 7, 2020.

## TIMELY FILING OF REMOVAL

3. This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b) because (i) it is filed not more than one year after the commencement of the State Court Action and (ii) the 30-day deadline to file after service of the summons and the Complaint has not yet been triggered since Plaintiff has not properly served KFHP. *See Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.*,

---

[1] Plaintiff's service of process was deficient and ineffective, and KFHP will challenge Plaintiff's service as defective under Federal Rule of Civil Procedure 12(b). In filing this Notice of Removal, KFHP does not consent to personal jurisdiction of this Court or waive its right to challenge personal jurisdiction on the basis of defective service of the Complaint. *See Team Enterprises, LLC v. Western Inv. Real Estate Trust*, No. CV F 08-1050LJOSMS, 2008 WL 4367560, at *2 (E.D. Cal., Sept. 23, 2008) ("A defendant's choice to first remove an action to federal court before seeking to challenge personal jurisdiction does not constitute a waiver of objections to personal jurisdiction"); *Diesli v. Falk,* 916 F. Supp. 985, 994 (C.D. Cal. 1996) (defendant does not waive jurisdictional challenges by removing from state to federal court).

-2-

NOTICE OF REMOVAL
6700648.1

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

526 U.S. 344, 354 (1999).

## FEDERAL QUESTION JURISDICTION

4. This Court has original jurisdiction over this Action under 28 U.S.C. § 1331, and KFHP may remove the State Court Action to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) because the State Court Action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff's Complaint asserts the following claims:

    a. Although styled as a state law claim for breach of contract, the State Court Action is actually a purported claim related to employee benefits under ERISA § 502(a), 29 U.S.C. § 1132(a). (*See*, Complaint, Ex. A, p. 2, Section 10 [where Plaintiff prays for damages of "Retirement re-instated"].) Plaintiff's claim is therefore completely preempted and removable to Federal Court. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004).

    b. "When a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed. This is so because when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. ERISA is one of these statutes." *Davila*, 542 U.S. at 207-08 (citations omitted) (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

    c. "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health Inc.*, 542 U.S. at 208 (citation omitted) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila,* 542 U.S. at 209.

-3-

NOTICE OF REMOVAL
6700648.1

      d.      The preemptive force of ERISA is so powerful that it converts "a state law claim into an action arising under federal law," even if the plaintiff does not want relief under ERISA. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987). This is true even though the same facts might be sufficient to state a state law cause of action as well. *Taylor*, 481 U.S. at 66-67 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of section 502(a) removable to federal court . . . though [it] purports to raise only state law claims …").

      e.      Plaintiff's prayer for damages seeks "Retirement re-instatement." (*See* Complaint, Ex. A, p. 2, Section 10.)

      f.      In an Attachment to her Complaint, Plaintiff alleged she is mentally disabled, and that "Kaiser gave her access to her Retirement fund…" (*Id.*, Section BC-2.) Plaintiff further alleged that her damages included "taxes, loss of Retirement, and disabled help from Retirement Plan." (*Id.*, Section B-4.) Plaintiff claims that she received a sum of money in the amount of $29,263.94 but "has not cashed the check," and that the reasonable value of her allegations is "over $100,000 & continuing toward retirement years." (*Id.*, Sections BC-6, CC-2.)

      g.      Plaintiff attached to her Complaint a December 10, 2018 *Notice of Decision on Appeal* letter from the Kaiser Permanente Administrative Committee (the "Committee"), which denied Plaintiff's appeal to revoke her "lump sum pension benefit election made under the limited one-time pension election opportunity program" that was offered for certain former employees who participated in the Kaiser Permanente Salaried Retirement Plan Supplement to the Kaiser Permanente Retirement Plan (the "Plan"). This *Notice of Decision on Appeal* letter explained that the Committee's decision was final, and that if Plaintiff disagreed with the Committee's decision, she had the right to bring a civil action under Section 502(a) of ERISA, 29 U.S.C. § 1132(a).

      h.      Based on her allegations, Plaintiff's claim is in fact a claim under ERISA because a dispute concerning benefits under the Plan is the sole basis for any liability in this lawsuit. The pension plan in which Plaintiff participated, and which is at issue in

-4-

NOTICE OF REMOVAL
6700648.1

the State Court Action, is an "employee pension benefit plan" under ERISA § 3(2), 29 U.S.C. § 1002(2), and is governed by ERISA. *See* ERISA §§ 3(3) & 4(a), 29 U.S.C. §§ 1002(3) & 1003(a).

   i. While Plaintiff alleges that her claim is based on an alleged breach of contract (*see* Complaint, Ex. A), the only possible basis for any alleged liability is under the ERISA Plan itself, and, therefore, her claims are preempted by ERISA. Creative pleading cannot avoid ERISA preemption. *See, e.g., Cleghorn,* 408 F.3d at 1225 (artful pleading does not avoid complete preemption).

### VENUE & INTRA-DISTRICT ASSIGNMENT

5. Venue lies in the Northern District of California under 28 U.S.C. § 84(d) and 1441(a) because Plaintiff filed the State Court Action in the Superior Court of the State of California, County of Contra Costa. This matter should be assigned to the San Francisco or Oakland Divisions because it arose in Contra Costa County. *See* Civil Local Rule 3-2(d).

### NOTICE

6. Promptly after filing this Notice of Removal, KFHP shall give written notice to Plaintiff of the filing of this Notice of Removal and shall, pursuant to 28 U.S.C. § 1446(d), file a copy of such notice to Plaintiff with the Clerk of Superior Court for the State of California, County of Contra Costa.

7. KFHP is represented by the undersigned attorneys who certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

DATED: January 31, 2020    TRUCKER ✦ HUSS

By: /s/ *Clarissa A. Kang*
  Clarissa A. Kang
  Dylan D. Rudolph
  Attorneys for Defendant
  KAISER FOUNDATION HEALTH PLAN, INC.
  (incorrectly named and sued as KAISER
  PERMANENTE RETIREMENT)

-5-

NOTICE OF REMOVAL
6700648.1