Clarissa A. Kang, No. 210660
Dylan D. Rudolph, No. 278707
Catherine L. Reagan, No. 327702
TRUCKER ✦ HUSS
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, CA  94105
Telephone:   (415) 788-3111
Facsimile:    (415) 421-2017
E-mail:        ckang@truckerhuss.com
                   drudolph@truckerhuss.com
                   creagan@truckerhuss.com

Attorneys for Defendant
KAISER FOUNDATION HEALTH
PLAN INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| LIA C. JAVIER,<br><br>                Plaintiff,<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN INC.,<br><br>                Defendant. | Case No. 4:24-CV-03327-YGR<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[Fed. R. Civ. Pro. 12(b)(6)]**<br><br>**DATE:**   **SEPTEMBER 17, 2024**<br>**TIME:**   **2:00 P.M.**<br>**CRT RM:**   **1, 4TH FLOOR**<br>**JUDGE:**   **HON. YVONNE GONZALEZ ROGERS** |

## I. INTRODUCTION

Plaintiff's Opposition to KFHP's Motion to Dismiss ("Opposition") repeats her substantive allegations but does not refute KFHP's defense that her lawsuit is time-barred. Plaintiff failed to address KFHP's defense under the Plan's 1-year contractual limitations period at all, which waives her right to assert her claim. *See Forrett v. Gourmet Nut, Inc.*, 634 F.Supp.3d 761, 766 (N.D. Cal., 2022) (citing *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009), "[w]here plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived"). On this basis, and for the reasons stated in KFHP's Motion, Plaintiff's Complaint is time-barred under the Plan's 1-year contractual limitations period and should be dismissed.

Plaintiff's Complaint should be dismissed for the separate reason that it is untimely under ERISA's 3-year statute (applicable to equitable claims) or California's 4-year statute of limitations (applicable to benefit claims), depending on how the Court interprets Plaintiff's claim for relief. In response to those defenses, Plaintiff states that "there is a three-year period between the fourth and sixth years after an alleged violation" and "ERISA's statute of limitations is tolled for six years in cases of fraud or concealment." Opposition, p. 7. Those statements do not refute that the statutes of limitation apply to her claim for relief or provide any basis for why this case is timely. It is not, and it should be dismissed. Plaintiff cannot cure these flaws through amendment, so her Complaint should be dismissed with prejudice.

## II. ARGUMENT

Plaintiff's claim accrued when she completed the Plan's appeal process on December 10, 2018, the date on which KFHP denied Plaintiff's final appeal. Complaint, ¶ 18 ("A few weeks after that, Kaiser denied my appeal and sent me a letter stating that my only recourse was to file a lawsuit against Kaiser Foundation Health Plan, Inc."); Rudolph Decl., Exs. 1 (Plan, § 17.6(d), at KFHP000106-07), 2 (KFHP000523). In her Opposition, Plaintiff states that her "claim was opened in 2020." Opposition, p. 5. She may be referring to the time when she filed her prior lawsuit in January 2020, but that date is irrelevant to the Court's determination in *this* case. Plaintiff's prior lawsuit does not toll the limitations periods. *See Georgescu v. Bechtel Const., Inc.,* 15 F.3d 1085, 1085 (9th Cir. 1994) (dismissal of "complaint without prejudice did not toll the statute of

-1-

limitations"). Based on the December 10, 2018 accrual date, Plaintiff's Complaint is untimely for two reasons:

*First,* under the Plan, Plaintiff had one year from the final determination of her pre-litigation appeal to bring any legal or equitable claims for relief under the Plan. Rudolph Decl., Ex. 1 (Plan, § 17.6(d), at KFHP000106-07). The Plan's 1-year contractual limitations period is enforceable. *See Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 109 (2013) (enforcing contractual limitations period). Plaintiff filed this case on June 3, 2024, more than 5 years after the Plan's 1-year period had run.

*Second*, whether the Court interprets Plaintiff's claim under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) or ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), her Complaint is untimely under the statutes of limitations applicable to either of those claims. Claims for benefits under ERISA § 502(a)(1)(B) are subject to a 4-year limitations period applicable to California contract claims. *See Chuck v. Hewlett Packard Co.,* 455 F.3d 1026, 1031 (9th Cir. 2006); CAL. CODE OF CIVIL PROC. § 337. Claims for equitable relief under ERISA § 502(a)(3) are subject to ERISA's 3-year statute of limitations period. *See Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1057 (9th Cir. 2019) (citing ERISA § 413(2), 29 U.S.C. § 1113(2)). Both limitations periods run from the date that Plaintiff received the final determination of her pre-litigation appeal, December 10, 2018, which provided Plaintiff with actual knowledge of her claim. *Sulyma v. Intel Corp. Inv. Policy Comm.*, 909 F.3d 1069, 1072 (9th Cir. 2018), *aff'd,* 589 U.S. 178 (2020); *Chuck,* 455 F.3d at 1031 ("[w]e have earlier established that an ERISA cause of action accrues either at the time benefits are actually denied or when the insured has reason to know that the claim has been denied") (internal quotation marks omitted). Plaintiff filed this lawsuit on June 3, 2024, well past those deadlines. And, as noted, Plaintiff's prior lawsuit does not toll the limitations periods. *See Bechtel,* 15 F.3d at 1085.

In her Opposition, Plaintiff references a six-year fraud or concealment exception to ERISA's 3-year statute of limitations. *See* ERISA § 413(2), 29 U.S.C. § 1113(2). But that exception only applies where "a defendant has taken steps to hide [its] breach of fiduciary duty." *Guenther*, 972 F.3d at 1057. Plaintiff must establish "affirmative conduct upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim

-3-

for relief." *Id.* Plaintiff makes no such allegations. To the contrary, she admits that she received the final denial of her pre-litigation appeal on December 10, 2018. Complaint, ¶ 18.

### III. CONCLUSION

Plaintiff's Complaint should be dismissed as untimely under either the Plan's 1-year contractual limitations period or, alternatively, the 3- or 4-year periods under the applicable statutes of limitations. Plaintiff cannot cure the flaws in her pleadings through amendment, and her Complaint should be dismissed with prejudice.

Dated: September 3, 2024                    TRUCKER ✦ HUSS

By: */s/ Dylan D. Rudolph*
    Dylan D. Rudolph
    Attorneys for Defendant
    KAISER FOUNDATION HEALTH
    PLAN INC.