**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LIA C. JAVIER**, <br><br> Plaintiff, <br><br> v. <br><br> **KAISER FOUNDATION HEALTH PLAN INC.**, <br><br> Defendant. | Case No.: 4:24-cv-03327-YGR <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** <br><br> Re: Dkt. No. 16 |

Pending before the Court is defendant's motion to dismiss plaintiff's complaint for failure to state a claim on which relief can be granted. (Dkt. No. 16.) Plaintiff Lia C. Javier, appearing *pro se*, brings claims against the defendant based on the denial of her administrative appeal of benefits under a plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the motion to dismiss with **LEAVE TO AMEND**.

**I.    BACKGROUND**

Plaintiff brings claims against defendant Kaiser Foundation Health Plan Inc. based on its denial of plaintiff's prior administrative appeal pursuant to a plan governed by ERISA. (Dkt. No. 1 ¶¶ 4-8.) Plaintiff also takes issue with the disposition of plaintiff's previous case raising substantially the same issues before another judge in this district. (*Id.* ¶ 1.) As to plaintiff's ERISA claims, plaintiff alleges the following:

Plaintiff mistakenly elected a lump sum payment of pension benefits under the ERISA plan administered by defendant. (*Id.* ¶ 8.) Plaintiff was told by a representative of defendant that the election was revokable by October 31, 2017. (*Id.* ¶ 8.) Plaintiff tried to obtain more information about the election before October 31, but was not able to do so and was not given sufficient help by defendant to make an informed decision on the election. (*Id.* ¶¶ 8-9.) Plaintiff did not revoke the election by October 31, 2017 because the necessary contact information was not available on the

plan election website. (*Id.* ¶ 13.) Plaintiff submitted a claim, pursuant to the plan, asking to revoke her election, but the claim was denied. (*Id.* ¶ 26.) Plaintiff appealed, and on December 10, 2018, defendant denied the appeal. (*Id.* ¶ 18.)

Plaintiff then filed suit against defendant on November 19, 2019, alleging substantially the same claims as in this case. *Javier v. Kaiser Permanente Retirement*, Case No. 3:20-cv-00725 (N.D. Cal. Jan. 31, 2020, Dkt. No. 1-1, "Initial Action,") On March 14, 2023, the case was dismissed without prejudice for lack of prosecution. (*Id.,* Dkt. No. 72, 73.) On April 20, 2023, plaintiff filed a motion for relief from judgment or order, which was denied on July 6, 2023. (*Id.,* Dkt. No. 80.) On March 25, 2024, plaintiff filed a motion to reopen case, which was denied on April 9, 2024.[1] (*Id.* Dkt. No. 82.) Plaintiff then filed this second case on June 3, 2024 ("Second Action.") (Dkt. No. 1.)

At the January 14, 2025 hearing, plaintiff argued that defendant knew she had a mental disability and did not understand the information provided at any prior time. (*See* Dkt. No. 29.) These facts are not alleged nor has the legal significance been briefed.

## II. LEGAL FRAMEWORK

### A. Failure to State a Claim

To survive a Rule 12(b)(6) motion, plaintiffs must plead "only enough facts to state a claim to relief that is plausible on its face" and to "nudg[e] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). Finally, "[d]ismissal under Rule 12(b)(6) is

---

[1] As explained at the hearing, this Court cannot reverse a decision by another district judge. Any disagreement with a specific decision of a district judge would need to be appealed to the Ninth Circuit Court of Appeal.

appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2).

### B. *Pro Se* Pleading

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Furthermore, courts ordinarily construe complaints filed by *pro se* plaintiffs liberally. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Courts must "provide a *pro se* litigant with notice of the deficiencies" in their complaint so that plaintiff may use the opportunity to amend effectively. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (cleaned up).

## III. DISCUSSION

### A. Judicial Notice and Incorporation by Reference

Defendant requests that the Court take judicial notice or incorporate by reference various documents. (Dkt. No. 16 at 3.)

A court generally cannot consider materials outside the pleadings on a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). A court may, however, consider items of which it can take judicial notice without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. A court may additionally take judicial notice of "'matters of public record . . . .'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Facts asserted within the documents subject to judicial notice are not the proper subject of judicial notice. *See Lee* 250 F.3d at 690. Alternatively, under the "incorporation by reference" doctrine, courts may "consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to

3

the plaintiff's pleading." *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir. 1999), *as amended* (Aug. 4, 1999) (cleaned up).

First, defendant requests that the Court consider prior filings in the Initial Action. The Court finds that these documents are not subject to reasonable dispute because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201. The Court therefore takes judicial notice of these filings, but not the truth of any specific statements.

Second, defendant requests that the Court consider the plan document and appeal determination letter governing plaintiff's retirement plan. The Court denies defendant's request regarding the plan document. The plan document's contents are not alleged in the complaint, and the document itself is only indirectly referenced. Further, the accuracy of the source of these documents can reasonably be questioned. Therefore, defendant cannot rely on it at this juncture.

Plaintiff does, however, reference the determination letter. In the complaint, plaintiff states that a "few weeks after that, Kaiser denied my appeal and sent me a letter stating that my only recourse was to file a lawsuit against Kaiser Foundation Health Plan, Inc." (Dkt. No. 1 ¶ 18.) Therefore, the contents are alleged in the complaint and plaintiff did not question the document's authenticity after defendant requested that the Court incorporate it by reference. (*See generally* Dkt. No. 18.) The determination letter is therefore incorporated by reference. That said, this does not address whether defendant knew plaintiff could not understand the contents of the letter.

**B.  Failure to State a Claim**

Defendant raises two time-based arguments. First, defendant argues that the plan document governing plaintiff's retirement plan requires that any lawsuit be filed within one year after the final determination of a pre-litigation benefit appeal. (Dkt. No. 16 at 4.) This argument relies on the plan document, which the Court cannot consider at this juncture. Therefore, defendant's motion to dismiss as to this ground is **DENIED.**

Second, defendant argues that plaintiff's lawsuit is barred by statutes of limitations. Although plaintiff does not specify under which statutes plaintiff brings claims, ERISA sections 502(a)(1)(B) and (a)(3) appear most plausible. 502(a)(1)(B), codified at 29 U.S.C. § 1132, allows a

4

civil action "to recover benefits due [] under the terms of [a] plan, to enforce [] rights under the terms of the plan, or to clarify [] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). 502(a)(3) allows a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

The statute of limitations for ERISA section 502(a)(1)(B) is four years. "Because there is no specific federal statute of limitations governing claims for benefits under an ERISA plan," courts "look to the most analogous state statute of limitations." *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1031 (9th Cir. 2006) (cleaned up). Here, the most analogous state statute of limitations is California's four-year statute of limitations for breach of contract. *See* CAL. CODE OF CIVIL PROC. § 337; *see also Chuck,* 455 F.3d at 1031 (applying Oregon's statute of limitations for breach of contract to a 502(a)(1)(B) claim). Claims under ERISA section 502(a)(1)(B) accrue "either at the time benefits are actually denied or when the [plaintiff] has reason to know that the claim has been denied.'" *Chuck*, 455 F.3d at 1031.

Here, plaintiff's claim accrued on December 10, 2018, when defendant denied plaintiff's final administrative appeal. (Dkt. No. 16-3 at 1.) Plaintiff, therefore, needed to file a claim under Section 502(a)(1)(B) by December 10, 2022. This Second Action was not filed until June 3, 2024 and therefore the claim is barred.

The statute of limitations for ERISA section 502(a)(3) is three years. *See* ERISA § 413(2), 29 U.S.C. § 1113(2); *Sulyma v. Intel Corp. Inv. Policy Comm.*, 909 F.3d 1069, 1072 (9th Cir. 2018), *aff'd*, 589 U.S. 178 (2020) ("defendant must show that the plaintiff was actually aware of the nature of the alleged breach [of fiduciary duty under ERISA] more than three years before the plaintiff's action is filed"). To determine a section 502(a)(3) claim's accrual date, courts first "isolate and define the underlying violation upon which the plaintiff's claim is founded. Second, [courts] determine when the plaintiff had 'actual knowledge' of the alleged breach or violation, and whether suit was filed within three years of the date that knowledge was obtained." *Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1052 (9th Cir. 2020) (internal citations omitted).

Here, plaintiff had knowledge to trigger the statute of limitations on December 10, 2018 when she received the determination letter. Plaintiff, therefore, needed to file a claim under Section 502(a)(3) by December 10, 2021. Again, this Second Action was not filed until June 3, 2024 and therefore the claim is barred.

Plaintiff raises two counterarguments. First, plaintiff argues the statute of limitations period has not run because "the claim was opened in 2020." (Dkt. No. 18 at 5.) Plaintiff's Initial Action is separate from this one, however, and does not relate back. The complaint in this case was filed in June 2024, past the statute of limitations. (Dkt. No. 1.) Plaintiff's prior case was dismissed without prejudice on March 14, 2023. (*See* Initial Action, Dkt. No. 72). When cases are dismissed without prejudice, they leave "the situation the same as if the suit had never been brought in the first place" and therefore do "not toll the statute of limitations." *Georgescu v. Bechtel Const., Inc.*, 15 F.3d 1085, *1 (9th Cir. 1994) (cleaned up). Plaintiff's previous case, therefore, does not toll the statute of limitations for the purposes of this case. *See id.*

Second, plaintiff argues that ERISA's six-year fraud or concealment exception to ERISA's three-year statute of limitations applies here. *See* ERISA § 413(2), 29 U.S.C. § 1113(2). To plead such a claim, plaintiff must establish "affirmative conduct upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief." *Guenther*, 972 F.3d at 1057. Here, although plaintiff pleads that information to make an informed decision was originally unavailable on defendant's website (Dkt. No. 1 ¶ 13), plaintiff does not plead that defendant made "knowingly false misrepresentations with the intent to defraud" or conducted "affirmative acts" "to hide misrepresentation as required in our circuit." *Guenther*, 972 F.3d at 1057 (cleaned up).

On the contrary, plaintiff claims "Kaiser denied my appeal and sent me a letter stating that my only recourse was to file a lawsuit against Kaiser Foundation Health Plan, Inc," which seems to imply the opposite of concealment. (*Id.* ¶ 18.) Therefore, as plead, plaintiff's complaint does not allege conduct by defendant that would lead a reasonable person to believe that they did not have a case. Defendant's motion to dismiss on this ground is **GRANTED.**

Plaintiff could theoretically plead facts supporting such an inference, however, so the Court grants plaintiff **LEAVE TO AMEND** the complaint.

## IV. CONCLUSION

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the motion to dismiss with **LEAVE TO AMEND.**

Plaintiff may file an amended complaint, if any, remedying the claims dismissed in this Order within sixty (60) days of the date of this Order. Defendant shall respond within fourteen (14) days of any amended complaint.

The Court understands that plaintiff is struggling. As discussed during the hearing, assistance is available through the Legal Help Center for unrepresented parties. Parties can make an appointment to speak with an attorney who can provide basic legal information and assistance. The Help Center does not see people on a "drop-in" basis, and will not be able to represent parties in their cases. There is no charge for this service. To make an appointment with the Legal Help Center, you may: (1) sign up in person on the appointment book outside the Legal Help Center offices at the San Francisco Courthouse (15th Floor, Room 2796) or Oakland Courthouse (Room 470S); (2) call 415-782-8982; or (3) email federalprobonoproject@sfbar.org. The Help Center's website is available at https://cand.uscourts.gov/legal-help. The District Court has produced a guide for self-represented/pro se litigants called Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial. It is available electronically online (http://cand.uscourts.gov/prosehandbook) or in hard copy, free of charge, from the Clerk's Office.

This terminates Docket No. 16.

**IT IS SO ORDERED**.

Date: January 15, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**